United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
John R. Boyle  
Jennifer L. Boyle  
    Debtors  

Case No. 17-17853-ref  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: dlv     Page 1 of 1     Date Rcvd: Apr 15, 2019  
                     Form ID: pdf900     Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 17, 2019.  
db/jdb     +John R. Boyle,     Jennifer L. Boyle,     1004 Fredrick Blvd.,     Reading, PA 19605-1169  
cr     +Capital One Bank (USA) N.A Cabelas Club Visa by Am,     4515 N Santa Fe Ave,     Oklahoma City, OK 73118-7901

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
cr     +E-mail/PDF: gecsedi@recoverycorp.com Apr 16 2019 03:03:27     Synchrony Bank,     c/o PRA Receivables Management, LLC,     PO Box 41021,     Norfolk, VA 23541-1021  
                                                                                                               TOTAL: 1

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 17, 2019                                            Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 15, 2019 at the address(es) listed below:  
        BRENNA HOPE MENDELSOHN     on behalf of Debtor John R. Boyle tobykmendelsohn@comcast.net  
        BRENNA HOPE MENDELSOHN     on behalf of Joint Debtor Jennifer L. Boyle tobykmendelsohn@comcast.net  
        FREDERICK L. REIGLE     on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
        REBECCA ANN SOLARZ     on behalf of Creditor     Quicken Loans Inc. bkgroup@kmllawgroup.com  
        ROLANDO    RAMOS-CARDONA     on behalf of Trustee FREDERICK L. REIGLE     RRamos-Cardona@fredreiglech13.com  
        ROLANDO    RAMOS-CARDONA     on behalf of Trustee SCOTT    WATERMAN RRamos-Cardona@fredreiglech13.com  
        SCOTT    WATERMAN     ECFmail@fredreiglech13.com,    ECF_FRPA@Trustee13.com  
        United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                                              TOTAL: 8

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jennifer L. Boyle | | CHAPTER 13 |
| John R. Boyle | | |
| | Debtors | |
| | | |
| Quicken Loans Inc. | | |
| | Movant | NO. 17-17853 REF |
| vs. | | |
| | | |
| Jennifer L. Boyle | | |
| John R. Boyle | | |
| | Debtors | 11 U.S.C. Section 362 |
| | | |
| Scott Waterman | | |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,017.44**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2019 to April 2019 at $899.11/month |
| Suspense Balance: | $710.89 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,017.44** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,017.44.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,017.44** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due May 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $899.11 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 5, 2019                   By: /s/ Rebecca A. Solarz, Esquire
                                      Attorney for Movant

Date: April 10, 2019                  /s/ Brenna Hope Mendelsohn, Esquire
                                      Brenna Hope Mendelsohn, Esquire
                                      Attorney for Debtors

Date: 4/10/19

                                      Scott Waterman, Esquire
                                      Chapter 13 Trustee

Approved by the Court this 12 day of April, 2019. However, the court retains discretion regarding entry of any further order.

                                      _____
                                      Bankruptcy Judge
                                      Richard E. Fehling